Estate of Elsie Weil, Deceased, Robert M. Benjamin and Franklin E. Parker, Jr., Executors v. Commissioner.
Estate of Weil v. Commissioner
Docket No. 42643.
United States Tax Court
T.C. Memo 1954-96; 1954 Tax Ct. Memo LEXIS 151; 13 T.C.M. (CCH) 653; T.C.M. (RIA) 54202; July 12, 1954, Filed Frank A. Zunino, Jr., Esq., for the petitioners. James J. Quinn, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $6,252.05 in income tax for the year 1949. The question is whether expenses incurred in connection with the adjudication *152 of incompetency and the appointment of a Committee of the person and estate of the taxpayer are deductible under section 23(a)(2) [1] of the Internal Revenue Code. All of the facts have been stipulated, are so found and the stipulation and the exhibits attached thereto are incorporated by reference. The taxes in controversy are those of Elsie Weil. She was adjudicated incompetent to manage herself and her affairs and Helen W. Benjamin was appointed the Committee of her person and estate by order of the Supreme Court of the State of New York, County of New York, entered December 7, 1949, with the usual powers incident thereto. The property of Elsie Weil received for administration by Helen W. Benjamin as Committee consisted of *153 the following: Stocks of the fair market value on December 7, 1949 of $511,081.73, the dividends from which, in the sum of $31,204.32, were reported and taxed for Federal income tax purposes for the calendar year 1949. Bonds of the fair market value on December 7, 1949 of $109,356.57, the interest from which, in the sum of $4,966.32, was reported and taxed for Federal income tax purposes for the calendar year 1949. Tax exempt bonds of the fair market value on December 7, 1949 of $13,000.00, with tax free interest of $335.00 per year. Cash on deposit with Banks and Trust Companies in the amount of $18,193.66. Helen W. Benjamin, as Committee, was required to file, and did file, with the Clerk of the Supreme Court of the State of New York a bond in the penalty of $730,000 conditioned that she would faithfully discharge the trust imposed upon her. The following expenses were incurred in the incompetency proceeding, were ordered paid by the Court and were paid in the year 1949: To Spence, Hotchkiss, Parker & Duryee, Esqs., the petitioner's counsel, the sum of $10,089.01 for services rendered and disbursements incurred on behalf of the petitioner in the conduct of the proceeding. *154 To Dr. Samuel C. Burchell, the sum of $250.00 for necessary services rendered as a witness in the proceeding. To Dr. Lawrence S. Kubie, the sum of $250.00 for necessary services rendered as a witness in the proceeding. To Edward V. Loughlin, Esq., the sum of $2,500.00 as his allowance as the Commissioner in the proceeding. The expenses totaling $13,089.01 were taken by Elsie Weil in her 1949 income tax return as a deduction from income under section 23(a)(2) of the Code. The income tax returns of Elsie Weil before and during her incompetency were always made on a cash basis and on a calendar year basis. Elsie Weil died March 27, 1952. Robert M. Benjamin and Franklin E. Parker, Jr. qualified in the Surrogate's Court of the County of New York on April 18, 1952, as the executors named in the last will and testament of Elsie Weil, deceased, and have at all times thereafter continued to act as such executors. The above expenses were disallowed by the Commissioner with the explanation that they were not allowable under section 23 of the Code, but are "personal in character and are expressly denied by Section 24 of the Internal Revenue Code." We think *155 the claimed deduction was allowable on the authority of Estate of Frederick Cecil Bartholomew, 4 T.C. 349. While the question in that case was broader than the problem here involved in that it involved expenses incurred after the appointment of a guardian as well as business expenses deductible under section 23(a)(1), it is clear from a study of the Court's findings of fact that the taxpayer there was also permitted to deduct the expenses incident to the appointment of a guardian for young Bartholomew. Elsie was possessed of a substantial estate, consisting entirely of income producing securities. Though there was no direct evidence to that effect we think it obvious that her properties were held for the production of income, and no argument is made to the contrary. We also think it is obvious that the very purpose of the proceeding for the appointment of the Committee was the proper management and conservation of the income producing property which Elsie owned and to insure that valid actions could be taken to that end rather than run the risk of having actions taken by the taxpayer later attacked on the ground of incompetency. With the exception noted below, we hold *156 the deduction was properly claimed. Section 24(a)(5) provides that any amount otherwise allowable as a deduction which is allocable to interest wholly exempt from income taxes shall not be allowed as a deduction. The taxpayer here owned taxexempt bonds having a fair market value of $13,000 from which tax-free interest in the amount of $335 was obtained in the taxable year. In the circumstances an allocation of the claimed expenses based on the proportion which the tax-exempt bonds bear to the total value of the properties taken over by the Committee will have to be made. The amount allocable to the taxexempt bonds cannot be deducted. Edward Mallinckrodt, Jr., 2 T.C. 1128, affd. (C.A. 8, 1945) 146 Fed. (2d) 1; Estate of Frederick Cecil Bartholomew, supra.
Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - * * *
(2) Non-Trade or Non-Business Expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.↩